UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRENCE BENOIT**<br>    **LA. DOC #489486**<br>**VS.** | **CIVIL ACTION NO. 6:13-1376**<br><br>**SECTION P**<br><br>**JUDGE DOHERTY** |
| **IBERIA CITY POLICE DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Terrence Benoit filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on June 5, 2013.  Benoit is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is presently incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.  Benoit is serving consecutive sentences totaling 116 years, imposed following his conviction for multiple counts of possession of child pornography, entered in the Sixteenth Judicial District Court for Iberia Parish, Louisiana.  Benoit names the Iberia City Police Department, Sixteenth Judicial District Court Judge Wattigny and the  Sixteenth Judicial District Court as defendants.  He complains of defects in the affidavit supporting his arrest warrant, and that his property was illegally searched and seized following his arrest, thereby rendering his present confinement illegal.  Accordingly, Benoit seeks release from incarceration.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons it is recommended that Benoit's civil

rights action be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

## LAW AND ANALYSIS

The procedural history underlying the present action has been detailed in Benoit's three prior federal *habeas corpus* actions filed in this Court. *Terrence Benoit v. Burl Cain, Warden*, Civil Action No. 6:07-cv-0039 and *Benoit v. Louisiana State Penitentiary*, Civil Action 6:09-cv-2094; and *Benoit v. Warden, Elayn Hunt Correctional Center*, Civil Action 6:12-cv-2856. In pertinent part, the procedural history is as follows.

On November 15, 2004, Benoit pled guilty to fifty-eight counts of pornography involving juveniles. On December 20, 2005, Benoit was sentenced to serve 2 years for each of the 58 counts, the sentences to run consecutively, for a total of 116 years imprisonment. Since entry of his plea, Benoit's efforts to attack his conviction and sentence in every level of the Louisiana state courts has been unsuccessful. *See e.g. State ex rel. Benoit v. State*, 2009-0486 (La. 12/11/2009), 23 So.3d 914; *State v. Benoit*, 2008-1252 (La. App. 3 Cir. 12/23/08), 2008 WL 5339639, 997 So.2d 906 (unpublished); *State ex rel. Benoit v. State*, 2006-2142 (La. 5/11/07), 955 So.2d 1275; *State ex rel Benoit v. State*, 2007-0258 (La. 5/11/07), 955 So.2d 1279; *State ex rel. Benoit v. State*, 2006-1553 (La. 3/23/07), 951 So.2d 1553.

On January 8, 2007, Benoit filed his first petition for federal *habeas corpus* relief in this court pursuant to 28 U.S.C. §2254.[1] *Terrence Benoit v. Burl Cain, Warden*, Civil Action No. 6:07-cv-0039. After extensive proceedings, the undersigned recommended dismissal of the petition with prejudice, having found that petitioner's claims for relief were procedurally defaulted, without merit or both. [*Id.* at rec. doc. 59]. After considering petitioner's objections to the Report and Recommendation, on December 3, 2009, Judge Haik dismissed the petition with prejudice. [*Id*. at rec. doc. 64]. On December 14, 2009, petitioner filed *pro se* pleadings which were construed as motions for an appeal and for a certificate of appealability. [*Id*. at rec docs. 65 and 66]. Petitioner's appeal was initially dismissed by the United States Fifth Circuit Court of Appeals for want of prosecution. [*Id*. at rec. doc. 72]. However, the Fifth Circuit granted petitioner's request to reopen the case. [Id. at 73]. On July 22, 2010, the Fifth Circuit denied Benoit's request for a certificate of appealability and affirmed this Court's Judgment. [*Id*. at rec. doc. 77; *Benoit v. Cain*, No. 09-31214 (5th Cir. 2010)].

---

[1] Petitioner raised the following claims for relief: (1) that his "open ended" plea was not knowingly, intelligently or voluntarily entered because it was entered without an agreement as to petitioner's sentence; (2) that petitioner's plea was unlawfully induced by defense counsel; (3) that petitioner's conviction was obtained by the use of evidence obtained pursuant to an unconstitutional arrest, search and seizure; (4) that petitioner's conviction was through the use of a confession illegally obtained following his arrest; (5) that the prosecution failed to disclose *Brady* evidence, namely petitioner's allegedly unlawful confession or his allegedly unlawful arrest; (6) that petitioner's convictions violate the double jeopardy clause; (7) that petitioner received ineffective assistance of counsel; (8) that the trial court erred imposing consecutive, rather than concurrent sentences, in violation of the United States and Louisiana constitutions and Louisiana sentencing guidelines; (9) that the trial court erred in denying petitioner's motion to withdraw his guilty plea; and (10) that petitioner was falsely arrested and is therefore being falsely imprisoned.

On December 2, 2009, while his first *habeas* petition was still pending in this Court, Benoit filed a second petition for federal *habeas corpus* relief, attacking the same convictions and sentences. *Benoit v. Louisiana State Penitentiary*, Civil Action 6:09-cv-2094. This petition raised claims virtually identical to the claims for relief alleged in his first federal *habeas* petition, as well as several new claims not previously presented.[2] On March 9, 2009, the undersigned recommended that the petition be dismissed without prejudice because the petition constituted a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b), filed without prior authorization of the United States Fifth Circuit Court of Appeals.[3] [*Id*. at rec. doc. 7].  On April 1, 2009, Judge Haik

---

[2]  Petitioner's claims are summarized as follows:  (1) his guilty plea was involuntary; (2) his guilty plea was "unintelligently and involuntarily given;" (3) the imposition of consecutive sentences was unlawful; (4) the sentences were excessive; (5) the sentences were illegal; (6) the arrest was unlawful; (7) the affidavit supporting the arrest warrant was invalid; (8) petitioner's arrest, trial, conviction, sentence, and current incarceration are illegal; (9) the District Court and Court of Appeals erred when they denied his *pro se* motions; (10) petitioner's arrest violated Rule 4(c)(3) of the "USCP;" (11) the warrantless search of his home was unreasonable; (12) the warrant was otherwise defective; (13) there were no exigent circumstances to validate the search and seizure and arrest; (14) probable cause was lacking; (15) the trial court erred when it denied petitioner's motion to reconsider sentence; (16) the court erred in admitting petitioner's confession; (17) the provisions of La. C.Cr.P. art. 768 were violated; (18) the trial court erred in denying petitioner's motion to suppress; (19) the rules of discovery were violated. [rec. doc. 1, pp.6-13].

[3] In connection with that petition, Benoit submitted the following attachments: (1) "Affidavit[s] for Warrant To Arrest Equal Justice Under the Laws", alleging facts which purport to show that Benoit was unlawfully arrested and his residence unlawfully searched [rec. doc. 1, pp. 23-28]; (2) "Petition for Production of Documents Equal Protection Under the Law", interrogatories and requests for admission, which purport to seek discovery of the facts and evidence used to convict Benoit [*Id*. at pp. 29-46]; (3) a "Special Citation", seeking the arrest of the police officers who arrested Benoit in November 2004 and other individuals who thereafter acted in some way to incur petitioner's wrath  [*Id*. at pp. 47-50]; and (4) a "Writ of Review Equal Protection Under the Law", seeking the release of all property seized from Benoit's residence at the time of his arrest and thereafter [*Id*. at pp. 51-57]. By separate order issued on March 9, 2009,  to the extent that Benoit sought a ruling on these pleadings the undersigned denied the request. [*Id*. at rec. doc. 6].

adopted the undersigned's Recommendation and dismissed the petition. [*Id.* at rec. doc. 8].

On November 7, 2012, Benoit filed his third petition for federal *habeas corpus* relief, in which he again attacked his Iberia Parish convictions and sentences for possession of child pornography.[4] *Benoit v. Warden, Elayn Hunt Correctional Center*, Civil Action 6:12-cv-2856. That petition, like his second petition, was dismissed without prejudice because the petition was a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b), filed without prior authorization of the United States Fifth Circuit Court of Appeals. [*Id.* at rec. docs. 6 and 7].

While some of these petitions were pending in this Court, Benoit filed a civil rights action in the United States District Court for the Middle District of Louisiana. That action was transferred to this court on January 25, 2010. *Benoit v. Sixteenth Judicial District Court*, Civil Action 6:10-0138. In his rambling pleadings, Benoit made complaints similar to those asserted in his prior federal *habeas corpus* petitions, in essence, again arguing that he was falsely arrested, accused, prosecuted, convicted, and sentenced, that his property was illegally seized, and that despite having provided proof to establish that

---

[4] Petitioner asserted various claims including: (1) that his plea was involuntary and coerced, (2) that his convictions were obtained by use of evidence obtained in violation of the Fourth Amendment, (3) that evidence was obtained as a result of his unlawful arrest, (4) that his convictions were obtained in violation of his privilege against self incrimination, (5) that the State failed to disclose favorable evidence, (6) that his convictions violated the prohibition against double jeopardy, (7) ineffective assistance of counsel, (8) improper denial of petitioner's motion to withdraw his guilty plea, and (9) false arrest and imprisonment.

his continued incarceration is unlawful, he still nevertheless remained imprisoned.[5] In support of his Complaint, Benoit attached various exhibits, the majority of which were filed or created in connection with his state court prosecution.[6] On April 6, 2010, this Court dismissed plaintiff's civil rights action as follows: (1) insofar as plaintiff sought

---

[5] Plaintiff alleged: (1) La. C.Cr.P. art. 493 provides that a defendant, convicted on more than one count, may be sentenced only for a single offense; (2) *Lawrence v. Henderson*, 344 F. Supp. 1287 (E.D. La. 1972) provides that an "illegal arrest cannot be legalized by what is discovered after the arrest."; (3) Officer John Poole of the New Iberia Police Department falsified statements and documents; (4) Article IV of the United States Constitution guarantees the right of the people to be secure in their persons, homes, papers and effects against unreasonable searches and seizures and that his arrest and the subsequent search of his premises and seizure of evidence was in violation of this guarantee; (5) Article V which provides that persons may not be held to answer to crimes unless by way of indictment a grand jury has determined probable cause, also prohibits double jeopardy and the seizure of property without due process was violated; (6) Article VIII which proscribes excessive bail and cruel and unusual punishment was violated (7) Article IX guaranteed non-enumerated rights to the people; (8) Legal Deposition – according to plaintiff his claims concerning an illegal arrest, search and seizure were presented to the District Attorney as motions for discovery and interrogatories and but he failed to respond; (9) Article XIV which prohibits the States from depriving persons of equal protection was violated by officers conducting the search of his home; (10) Rule 32.2 relative to criminal forfeiture was violated; (11) It was never established that plaintiff "intentionally" possessed child pornography.

[6] These exhibits include: (1) a handwritten notice from plaintiff to Judge Wattigny dated November 24, 2004 whereby plaintiff attempts to withdraw his guilty plea; [rec. doc. 1-1, p. 13-15]; (2) the order denying the motion signed by Judge Wattigny on December 20, 2005 [*Id*., p. 16]; (3) a notice to public defenders dated October 29, 2004 advising counsel that plaintiff would not accept an "open ended plea" agreement [*Id*., pp. 17-18] (4) plaintiff's pro se motion to reconsider sentence dated January 3, 2006 [*Id*., pp. 19-27]; (5) Judge Wattigny's January 11, 2006 order denying the motion [*Id*., p. 23]; (6) Special Citation served on plaintiff and advising that his motion to suppress evidence had been denied on December 9, 2004 [*Id*., p. 24]; (7) plaintiff's pro se motion to suppress filed in November 2004 [*Id.*, pp. 25-32]; (8) Judge Wattigny's order denying the motion as moot based on plaintiff's plea of guilty, signed November 29, 2004 [*Id*., p. 32] (9) letter from Assistant District Attorney Lee to plaintiff dated February 27, 2007 acknowledging receipt of request for interrogatories, production of documents and admissions of fact filed on February 22, 2007 which advised plaintiff that the request will not be answered [*Id*., p. 33] (10) Memo dated November 15, 2006 from Clerk of Court to Judge Wattigny advising him of the filing of the interrogatories etc. by plaintiff and Judge Wattigny's response, "There is no order to sign. I guess you can do whatever you want. There is no such suit filed with this citation." [*Id.*, p. 34]; (11) The interrogatories, request for production of documents and for admissions of fact dated November 13, 2006 and filed by plaintiff in the Iberia Parish Clerk of Court's Office and directed to District Attorney Haney and Sheriff Hebert [*Id*., pp. 35-42].

monetary damages for an unlawful arrest, prosecution, conviction and imprisonment, the action was dismissed with prejudice, subject to reassertion if the requirements of *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) are met; (2) insofar as the action sought Benoit's immediate or speedier release from custody, the action was dismissed with prejudice for failing to state a claim for which relief may be granted because such relief is not available in a civil rights action; (3) insofar as the action sought money damages from Clerk of Court Michael Thibodeaux, the action was dismissed with prejudice for seeking damages from a defendant who is immune from suit; and (4) plaintiff's claims against the Sixteenth Judicial District Court were dismissed with prejudice as frivolous and as failing to state a claim for which relief may be granted because the Sixteenth Judicial District Court is not an entity capable of being sued. [*Id.* at rec. docs. 8 and 9].

Undaunted by this Court's prior Rulings dismissing all of Benoit's challenges to his arrest, post-arrest seizure of property, criminal prosecution, convictions, sentences and resulting incarceration, Benoit again attempts to challenge his present incarceration, asserting essentially the same claims previously rejected by this Court. For essentially the same reasons this Court previously dismissed Benoit's claims, the undersigned again recommends that they be dismissed with prejudice.

## LAW AND ANALYSIS

**Screening**

In his prior actions, Benoit was proceeding in *forma pauperis*. However, in this action, Benoit has paid this Court's filing fee. That difference does not change the result of this proceeding. When a prisoner files a civil action against a governmental entity or an officer or employee of a governmental entity, under 28 U.S.C. § 1915A, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *see also* 42 U.S.C. § 1997e(c)(1) (directing the district court to dismiss, on its own motion "any action brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."). The screening provisions of § 1915A "appl[y] regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." (*emphasis added*) *Ruiz*, 160 F.3d at 274.

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A claim has no arguable basis in law if it is based on an indisputably

meritless legal theory. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Accepting all of the allegations contained in Benoit's Complaint as true, for the reasons set forth below, the undersigned concludes that plaintiff has failed to state claims for which relief may be granted.

### *Habeas Corpus Relief*

In this action, as was the case in Benoit's previous petitions for writ of *habeas corpus* and his previous civil rights action, Benoit once again claims that his arrest, conviction, and current confinement are unlawful. The sole relief sought by Benoit in this action is his immediate release from custody. As Benoit has been previously advised by this Court, such relief is simply not available in a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). A *habeas corpus* petition, on the other hand, is the proper vehicle for a state prisoner to challenge the fact or duration of his

confinement to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004). Accordingly, Benoit must pursue his challenge in federal court through application for writ of *habeas corpus* under the provisions of 28 U.S.C. § 2254, not in a § 1983 lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Therefore, because Benoit challenges the fact and duration of his confinement and seeks his immediate release from custody, Benoit's § 1983 action must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A.[7]

---

[7]Finally, while plaintiff does not seek monetary damages, to the extent that such relief could be sought in a § 1983 action, plaintiff's claim would be subject to dismissal. As Benoit has been previously been advised, the Sixteenth Judicial District Court is not an entity capable of being sued. Plaintiff's suit against this non-juridical entity is therefore frivolous and his claim against this non-juridical entity must be dismissed for failing to state a claim for which relief may be granted. *See* Fed. R. Civ. P. 17(b); La. Civ. Code Ann. art. 24; *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.1997) (A state court is not a person for purposes of suit under § 1983); *Harris v. Champion*, 51 F.3d 901, 905-906 (10th Cir.1995) (same); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir.1993) (same); *Ward v. Morris*, 895 F. Supp. 116, 117 (N.D. Miss.1995) (same); *Moity v. Louisiana State Bar Ass'n*, 414 F. Supp. 180, 182 (E.D. La.), aff'd, 537 F.2d 1141 (5th Cir. 1976) (same).

The Iberia City Police Department is likewise not a "juridical person" with capacity to be sued. *See* Fed. R. Civ. P. 17(b) ; La. Civ.Code Ann. art. 24; *Dugas v. City of Breaux Bridge Police Department*, 757 So.2d 741, 744 (La. App. 3rd Cir. 2000); *Causey v. The Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D. La. 2001). Therefore plaintiff's claim against the Iberia City Police Department is also subject to dismissal for failing to state a claim upon which relief may be granted.

As for plaintiff's claim against Judge Wattigny, it is well settled that judges are entitled to

Moreover, even if this Court were to construe the instant action as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254, dismissal would still nevertheless be appropriate. Benoit has already filed three federal *habeas corpus* actions in this Court. Accordingly, as was the case with Benoit's last two *habeas corpus* actions, the present action would again be deemed a successive petition over which this Court would lack jurisdiction because Benoit has again failed to obtain permission for filing from the Fifth Circuit Court of Appeals as mandated by 28 U.S.C. § 2244(b)(3)(A).[8] *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

For these reasons;

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A

---

absolute immunity from claims for damages arising out of performance of their judicial duties, regardless of bad faith. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *see also Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995) (*per curiam*); *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

[8] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 26th day of June, 2013.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 6/27/2013
By: MBD